NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0326n.06

Case No. 22-3671

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="5"></td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)<br>)</td></tr>
<tr><td>v.</td><td>)<br>)<br>)</td></tr>
<tr><td>PRINCE BROWN,</td><td>)<br>)</td></tr>
<tr><td>    Defendant-Appellant.</td><td>)<br>)<br>)</td></tr>
</table>

**FILED**

Jul 17, 2023

DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O P I N I O N

Before: COLE, CLAY, and KETHLEDGE, Circuit Judges.

COLE, Circuit Judge. Defendant Prince Brown raises five issues on appeal: (1) a Speedy Trial Act violation, (2) a challenge to the denial of his guilty plea withdrawal, (3) a challenge to the denial of withdrawal of counsel, (4) the procedural reasonableness of his sentence due to a two-level firearm possession increase, and (5) the substantive reasonableness of his sentence. But the government points to Brown's plea agreement to paint a different picture, instead submitting that Brown cannot seek any of the relief requested because he waived each of these issues. We agree, and therefore dismiss the appeal as inconsistent with Brown's appellate review waiver.

## I. BACKGROUND

Brown was charged with possession with intent to distribute controlled substances and possession of a firearm by a prohibited person on December 17, 2019. On January 27, 2021, after multiple COVID-19-related continuances, Brown was indicted on seven counts: those initially charged as well as a conspiracy charge and four counts of using a communication facility to further

a drug trafficking crime. His trial was eventually set for March 14, 2022, after facing repeated delays at the request of his trial counsel and counsel for his co-defendants.

Brown pleaded guilty via written plea agreement to three of the seven counts—participating in a conspiracy to distribute cocaine and heroin (Count 1), being a felon in possession of a firearm (Count 4), and possession with the intent to distribute heroin (Count 5)—on March 9, 2022. The signed and initialed agreement contained a waiver provision stating that Brown acknowledges and was advised of his appellate and post-conviction attack rights, but that he "expressly and voluntarily waives those rights, except as specifically reserved below." The agreement detailed the two reservations to his appellate waiver: the right to appeal a sentence in excess of either the statutory maximum or the Sentencing Guidelines imprisonment range.

During the change of plea hearing, the district court verified the knowing and voluntary nature of both Brown's guilty plea as a whole and the waiver of his appellate rights. Finding Brown "fully competent and capable" and "aware of the nature of the charges and consequences of the plea," the district court accepted his plea and scheduled Brown for sentencing. The district court also confirmed Brown's understanding that his counts carried statutory maximums of 40 years for conspiracy to distribute, 10 years for felony possession, and 20 years for possession with intent to distribute.

Brown's counsel moved to continue sentencing, originally scheduled for June 29, 2022, stating that "several issues arose" during a recent attorney-client meeting. Shortly before the rescheduled sentencing, set for July 28, 2022, trial counsel requested a hearing due to Brown's "wish[] to ask the court for another attorney to be appointed immediately."

At the representation hearing on July 21, 2022, Brown raised concerns with counsel's performance; requested substitute counsel due to a "break down in communication"; and asked to

withdraw his guilty plea based on distress, coercion, and a lack of understanding of the agreement at the time of entry. He also moved to dismiss the indictment based on a Speedy Trial Act violation. Brown's counsel disagreed on all fronts, advising the court he was not asking to be removed from the case. In his eyes, he adequately represented Brown, the government complied with the Speedy Trial Act in allowing additional time to indict, and Brown instead may be upset that the presentence report calculated a higher criminal history score than originally expected. The district court denied all of Brown's requests.

At the July 28, 2022, sentencing, the district court imposed 105 months' imprisonment followed by a five-year term of supervised release. Brown timely appealed, bringing us to today's dispute.

## II. ANALYSIS

The parties disagree about whether we can consider any of Brown's claims, which turns on whether—or to what extent—he waived his right to appellate review.

"[A] defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)). Federal Rule of Criminal Procedure 11 ensures that the district court is satisfied with the knowing, voluntary, and intelligent nature of the defendant's plea. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). This requires verification of the defendant's understanding of the consequences of his plea, including a waiver of appellate and post-conviction attack rights. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988); *United States v. Smith*, 960 F.3d 883, 886 (6th Cir. 2020). As "the enforceability of the appellate waiver stands or falls with the validity of the agreement, we must consider whether the plea agreement as a whole was knowing and voluntary in order to determine

whether [the defendant's] appeal is barred by his waiver." *United States v. Ataya*, 884 F.3d 318, 322 (6th Cir. 2018) (citation omitted) (collecting cases). We review this issue de novo. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004).

A defendant may challenge an appellate waiver on three grounds: "that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) (quoting *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015)). A challenge to the knowing and voluntary nature of one's plea is inherently a challenge to one's waiver of appellate rights. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal . . . when the substance of his claim challenges the very validity of the waiver itself.").

Brown's argument that his plea was not knowing and voluntary is "entangled with" his challenge to counsel's performance leading up to the plea. *Ataya*, 884 F.3d at 323. But ineffective assistance of counsel claims are generally better addressed in a post-conviction proceeding rather than on direct appeal due to the lack of opportunity to develop the relevant evidence at this stage. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002). Brown accordingly reframes this challenge, arguing that a breakdown in the attorney-client relationship resulted in an unknowing and involuntary plea.

Our review of the record reveals that Brown's plea, and therefore his appeal waiver, were knowing and voluntary. Brown attested in writing that he understood and voluntarily agreed to the plea agreement, initialing each page and signing the agreement at its end. He orally confirmed this understanding during the plea colloquy, responding "Yes, Your Honor" when asked if he read each page, discussed with his lawyer, and understood "all of the terms" of the written plea

agreement. More specifically, Brown confirmed under oath that he was "expressly and voluntarily" giving up his appellate and post-conviction attack rights other than the two sentencing-related exceptions, which the district court outlined.

"[W]here the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (citation omitted). In evaluating a guilty plea's knowing and voluntary nature, "a straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to [the plea agreement's] consequences." *United States v. Jones*, 403 F.3d 817, 823 (6th Cir. 2005) (quoting *United States v. Walker*, 160 F.3d 1078, 1096 (6th Cir. 1998)).

Brown submitted that he made the decision to plead guilty "under distress of counsel" and as a result of counsel's coercion. But as noted, many of his specific arguments—attacking the effectiveness of counsel—are better suited for a 28 U.S.C. § 2255 motion, a procedural mechanism specifically allowed by his plea agreement. As to the arguments relating to the voluntary and knowing nature of his plea, Brown's counsel took issue with Brown's perspective on his decision to plead guilty, stating that Brown was not coerced and that counsel had "worked hard for him and . . . [will] continue to do so." Counsel also suggested that Brown may in part be reacting to a higher-than-anticipated criminal history score.

We are "generally wary" of a defendant's post hoc challenges to a plea agreement that contradict their statements on the record during a plea colloquy. *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004) (citing *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999)). "And courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Smith v. Cook*, 956 F.3d 377, 394 (6th Cir. 2020) (cleaned up) (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). Brown points to no

contemporaneous evidence that his plea was not knowing and voluntary, so Brown falls short of overriding the binding nature of his plea-acceptance statements. *See Lee*, 582 U.S. at 369. As his guilty plea was knowing, voluntary, and intelligent, he is therefore beholden to the plea agreement's appellate review waiver.

Against this backdrop, we "look to see if the claim[s] raised on appeal fall[ ] within the scope of the appellate waiver[.]" *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017) (quoting *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012)). Brown agreed, pursuant to his plea agreement, to waive his right to appellate review of his conviction and sentence as to any claim not involving the district court's imposition of a sentence in excess of either the statutory maximum or the Sentencing Guidelines imprisonment range. The plea agreement's appellate review waiver thus operates as a general waiver with two narrowly drawn exceptions. Brown's withdrawal of plea, withdrawal of counsel, and Speedy Trial Act claims fall far outside either exception, so they are barred by the waiver. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995), *cert. denied*, 516 U.S. 1002 (1995); *see also Toth*, 668 F.3d at 378–79 ("[A]n appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision.").

Brown's challenges to the procedural and substantive reasonableness of his sentence fare no better under the text of the waiver. Specifically, Brown alleges (1) the district court committed reversible error by assigning a two-level sentencing enhancement for possession of a firearm and (2) his sentence was substantively unreasonable insofar as his sentence is higher than necessary to accomplish the purposes of the federal sentencing regime. But neither of these sentencing challenges falls within either of the limited exceptions to Brown's appellate waiver.

Nor could they. Although there appears to be some confusion over the applicable Guidelines range—the district court referred to a range of 110 to 137 months during sentencing but calculated the range as 84 to 105 months for purposes of his judgment—Brown's 105-month sentence is not above either range or any statutory maximum. So, we are also barred from considering these claims.

## III. CONCLUSION

We therefore dismiss Brown's appeal.