**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0343n.06
Filed: May 11, 2007

No. 05-5177

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROY YOUNG STEWART, | ) | |
| | ) | |
| **Petitioner-Appellant,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| JAMES MORGAN, Warden, | ) | |
| | ) | **O P I N I O N** |
| **Respondent-Appellee.** | ) | |
| | ) | |

**Before: KENNEDY, MOORE, and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Petitioner-Appellant Roy Young Stewart ("Stewart") appeals from the district court's judgment denying his petition for a writ of habeas corpus. The district court rejected three intertwined claims: that Stewart's trial counsel was ineffective; that the state courts erred by refusing to hold a retrospective competency hearing; and that Stewart's guilty plea was not entered voluntarily, intelligently, and knowingly. The district court adopted in full a report and recommendation from the magistrate judge, who reasoned that Stewart's ineffective-assistance-of-trial-counsel claim was procedurally defaulted and that his other two claims failed on the merits. Although our reasoning differs markedly from that of the district court, we **AFFIRM** the judgment of the district court because Stewart has not demonstrated that the state courts' failure to hold a retrospective competency hearing was an unreasonable application of clearly

established federal law and has not shown by clear and convincing evidence that the state courts erred by concluding that his guilty plea was entered voluntarily, intelligently, and knowingly.

## I. BACKGROUND

In the fall of 1979, Stewart was discharged from a psychiatric hospital in Philadelphia, Pennsylvania. Soon thereafter, he moved to Louisville, Kentucky. In December 1979, Stewart robbed a woman at knife point, and in March 1980, while on bond awaiting trial for the December robbery, Stewart raped and robbed another woman. He was charged for crimes relating to these two incidents, but before trial, a psychiatrist determined that Stewart suffered from a mental illness requiring medication and psychiatric supervision, and he was confined in a correctional psychiatric facility. After a short period of treatment, Stewart's mental illness went into remission, and he was declared competent to stand trial. On October 6 and November 18, 1980, Stewart pleaded guilty to charges relating to the two incidents and was sentenced to a total of nineteen years in prison.

In September 1987, Stewart was released on parole. In July 1988, he allegedly attempted to murder a woman, and in August 1988, he allegedly raped and robbed a woman at knife point. He was indicted on charges related to these two incidents, and on January 25, 1990, Stewart pleaded guilty (while maintaining his innocence, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970)) to first-degree burglary, first-degree robbery, terroristic threatening, and two counts of fourth-degree assault, and was sentenced as a persistent felony offender in the second degree. Stewart was sentenced to a total of twenty-two years in prison. Five days later, he filed a motion to set aside his conviction pursuant to Kentucky Rule of Criminal Procedure 11.42, and on February 5, 1990, the state trial court denied his motion.

On November 25, 1992, Stewart filed a second motion to vacate his conviction pursuant to Kentucky Rule of Criminal Procedure 11.42. He argued that his guilty plea was not entered voluntarily, intelligently, and knowingly, and that his counsel was ineffective for failing to investigate legal issues arising from his mental condition.[1] On January 6, 1993, the state trial court denied Stewart's motion, concluding that Stewart had pleaded guilty voluntarily, intelligently, and knowingly. Stewart appealed, and the Kentucky Court of Appeals concluded that, because of Stewart's "history of mental problems, his evident misunderstanding of an *Alford* plea, and his possibly compulsive criminal behavior," it was not apparent from the record that Stewart's counsel had performed adequately by failing to investigate Stewart's psychological condition. Joint Appendix ("J.A.") at 57 (*Stewart v. Commonwealth* (*Stewart I*), No. 93-CA-0435-MR, slip op. at 4 (Ky. Ct. App. Mar. 10, 1995)). The Kentucky Court of Appeals vacated the order of the state trial court and remanded the case "so that appellant may, with the assistance of counsel, elaborate at an evidentiary hearing the claim that his trial attorney unreasonably neglected legal issues arising from his psychological condition." J.A. at 57-58 (*Stewart I*, No. 93-CA-0435-MR, slip op. at 4-5).

On October 14, 1996, the state trial court held a hearing on Stewart's motion to vacate his conviction and again denied the motion on the ground that he had entered his guilty plea knowingly and voluntarily. Stewart appealed, and the Kentucky Court of Appeals again vacated the order and

---

[1]In the first opinion of the Kentucky Court of Appeals, the court mentioned only the ineffective-assistance-of-counsel claim, Joint Appendix ("J.A.") at 56 (*Stewart v. Commonwealth* (*Stewart I*), No. 93-CA-0435-MR, slip op. at 3 (Ky. Ct. App. Mar. 10, 1995)), but in the third opinion of the Kentucky Court of Appeals, the court also mentioned the invalid-plea claim, J.A. at 69 (*Stewart v. Commonwealth* (*Stewart III*), No. 1999-CA-001933-MR, slip op. at 2 (Ky. Ct. App. Jan. 12, 2001)). Thus, it is unclear from the record before us whether Stewart raised an independent claim that his guilty plea was not entered voluntarily, intelligently, and knowingly, or merely made this assertion in support of his ineffective-assistance-of-counsel claim.

3

remanded the case, again instructing the state trial court to hold a hearing to determine whether Stewart's counsel unreasonably neglected legal issues arising from his psychological condition. *Stewart v. Commonwealth* (*Stewart II*), No. 1996-CA-003291-MR, slip op. at 5 (Ky. Ct. App. Oct. 23, 1998), *available at* http://162.114.92.72/COA/1996-CA-003291.pdf.

On April 26, 1999, the state trial court held a hearing on Stewart's motion to vacate his conviction. Stewart introduced evidence that he had been under psychiatric care in the past, had been hospitalized in the past, had been hospitalized in 1980 while facing criminal charges, and had been evaluated at that time for his competency to stand trial. Wallace Rogers ("Rogers"), Stewart's trial counsel, "testified that he was unaware of Stewart's prior mental health history and that he would have moved for a competency hearing prior to the guilty pleas had he known about it." J.A. at 70-71 (*Stewart v. Commonwealth* (*Stewart III*), No. 1999-CA-001933-MR, slip op. at 3-4 (Ky. Ct. App. Jan. 12, 2001)). Dr. Victoria Yunker ("Yunker") performed a competency evaluation at the state trial court's request, and her report concluded that Stewart was "competent when he entered his guilty pleas and when the offenses were committed." J.A. at 71 (*Stewart III*, No. 1999-CA-001933-MR, slip op. at 4). On the basis of this evidence, the state trial court concluded that, because of Rogers's failure to investigate Stewart's mental condition, his performance "'may well have been outside the range of professionally competent assistance.'" *Id.* (quoting the state trial court's opinion). The state trial court also concluded, however, that because Dr. Yunker determined that Stewart would have been found competent to stand trial had a competency hearing been held prior to his guilty plea, because the evidence against Stewart on the charges against him was "'damning,'" and because he pleaded to reduced charges as a result of his plea agreement, Stewart had "'failed to show that there is a reasonable probability he would have gone to trial facing the above charges

4

instead of taking the deal offered by the Commonwealth.'" J.A. at 72 (*Stewart III*, No. 1999-CA-001933-MR, slip op. at 5 (quoting the state trial court's opinion)). The state trial court accordingly concluded that Stewart had failed to show prejudice from his counsel's allegedly deficient performance and once again denied Stewart's motion to vacate his conviction.

Stewart appealed, arguing that the state trial court erred by relying on Dr. Yunker's report without holding a retrospective competency hearing. The Kentucky Court of Appeals concluded that the state trial court had not erred and affirmed the state trial court's decision, finding "no abuse of discretion" in the state trial court's determination that Stewart had not been prejudiced by his counsel's allegedly deficient performance. J.A. at 74 (*Stewart III*, No. 1999-CA-001933-MR, slip op. at 7).

Stewart filed a motion for discretionary review in the Kentucky Supreme Court. The Kentucky Supreme Court vacated the Kentucky Court of Appeals's decision and remanded the case back to the Court of Appeals for further consideration in light of *Thompson v. Commonwealth*, 56 S.W.3d 406 (Ky. 2001), a then-recent Kentucky Supreme Court decision regarding when a trial court should or must hold a competency hearing. On remand, the Kentucky Court of Appeals concluded that the state trial court did not err by refusing to hold a competency hearing because "there were no reasonable grounds to question Stewart's competency and no harm resulted from the absence of a competency hearing" and affirmed the decision of the state trial court. J.A. at 91 (*Stewart v. Commonwealth* (*Stewart IV*), No. 1999-CA-001933-MR, slip op. at 8 (Ky. Ct. App. Aug. 30, 2002)). On August 13, 2003, the Kentucky Supreme Court denied Stewart's motion for discretionary review. J.A. at 83 (*Stewart v. Commonwealth*, 2002-SC-0989-D (Ky. Aug. 13, 2003)).

5

On February 11, 2004, Stewart filed a petition for a writ of habeas corpus in the federal district court. Stewart ostensibly raised two claims: that the state trial court erred by refusing to hold a competency hearing; and that he was denied the effective assistance of counsel. On April 12, 2004, the state filed an answer, and on June 16, Stewart filed a response to the state's answer. The case was referred to a magistrate judge, and on June 29, 2004, the magistrate judge filed a report and recommendation. The magistrate judge construed Stewart's habeas petition as raising a third claim as well: that his guilty plea was not entered voluntarily, intelligently, and knowingly. The magistrate judge recommended that the district court dismiss Stewart's ineffective-assistance-of-counsel claim as procedurally defaulted and dismiss Stewart's other claims on the merits. On September 3, 2004, Stewart filed objections to the magistrate judge's report and recommendation, but on January 5, 2005, the district court adopted the report and recommendation in full, denied Stewart's petition for a writ of habeas corpus, and denied Stewart a certificate of appealability on all issues. Stewart timely filed a notice of appeal, and on August 25, 2005, we granted Stewart a certificate of appealability on all issues.

## II. ANALYSIS

We review de novo a district court's decision in a habeas proceeding. *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005). We review the district court's factual findings for clear error. *Id.* Title 28 U.S.C. § 2254(d) sets forth the familiar standard that guides our analysis of a petition for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

6

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

## A. Ineffective Assistance of Counsel

Because ineffective-assistance-of-counsel claims present mixed questions of law and fact, we review such claims de novo. *United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004). We analyze ineffective-assistance-of-counsel claims under the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," *id.*, or by showing that he or she was not competent to plead guilty, *see Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001); *Eddmonds v. Peters*, 93 F.3d 1307, 1317 (7th Cir. 1996), *cert. denied*, 520 U.S. 1172 (1997); *Theriot v. Whitley*, 18 F.3d 311, 313-14 (5th Cir. 1994). A defendant is competent if

7

he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him [or her]." *Dusky v. United States*, 362 U.S. 402, 402 (1960). Notably, a state court's determination of competency is a factual finding entitled to a presumption of correctness on federal habeas review, rebuttable only by clear and convincing evidence. *See Mackey v. Dutton*, 217 F.3d 399, 413 (6th Cir. 2000), *cert. denied*, 531 U.S. 1087 (2001); *see also* 28 U.S.C. § 2254(e)(1).

The state trial court concluded that Stewart's trial counsel's performance "'may well have been outside the range of professionally competent assistance.'" J.A. at 71 (*Stewart III*, No. 1999-CA-001933-MR, slip op. at 4 (quoting the state trial court's opinion)). On appeal in this court, Stewart further argues that his trial counsel's performance was deficient because even a cursory review of the sentencing and plea transcripts from Stewart's previous convictions—part of the discovery materials provided by the state to Stewart's trial counsel prior to his guilty plea in this case—would have revealed serious mental health concerns warranting further investigation. The state does not counter this argument on appeal. The parties instead focus their arguments on whether Stewart can establish prejudice because of his trial counsel's deficient performance.[2]

To the extent that Stewart now argues that he has established *on the record as it stands* that he was prejudiced by his trial counsel's deficient performance, his claim clearly fails. Dr. Yunker's report concluded that Stewart was competent when he committed the crimes and when he pleaded

---

[2]The magistrate judge sua sponte dismissed Stewart's ineffective-assistance-of-counsel claim as procedurally defaulted, but that decision raises concerns. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1032 (2006) ("The main concern with raising procedural default sua sponte is that a petitioner not be disadvantaged without having had an opportunity to respond."). Accordingly, we exercise our discretion to dismiss this claim on the merits rather than address the issue of procedural default. *See Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999), *cert. denied*, 530 U.S. 1203 (2000).

guilty, and Stewart's only evidence to the contrary is that he required psychiatric care at various points in the past and that he expressed some hesitancy when pleading guilty. Stewart has not introduced any evidence countering Dr. Yunker's report and showing affirmatively that he was incompetent when he pleaded guilty or would have had a valid insanity defense to the crimes, much less showing by clear and convincing evidence that he was incompetent. Accordingly, Stewart has failed to meet his burden of establishing that he was prejudiced by his trial counsel's deficient performance, and the state trial court's decision was, at the very least, a reasonable application of clearly established federal law. *Cf. United States v. Branham*, 97 F.3d 835, 855 (6th Cir. 1996) (concluding on direct review that a district court's finding that a defendant was competent to stand trial was not clearly erroneous where the district court relied on its own observations and credited one expert opinion over another).

However, Stewart consistently argued in state court that he would be able to establish that he was prejudiced by his trial counsel's deficient performance if the state trial court held a retrospective competency hearing, and that the state trial court erred by refusing to hold such a hearing. *See, e.g.*, J.A. at 92 (*Stewart IV*, No. 1999-CA-001933-MR, slip op. at 9) (stating that Stewart did not argue that he had established ineffective assistance of trial counsel on the record as it stands, but instead "argued that the trial court should not have made its decision on the ineffective assistance of counsel claim without first holding a competency hearing"). The crux of Stewart's ineffective-assistance claim, then, is his claim that he was entitled to a retrospective competency hearing, the claim to which we now turn.

9

## B.  Retrospective Competency Hearing

"[W]here there is substantial evidence of a defendant's incompetence at the time of trial a trial judge has the duty to order a hearing sua sponte." *Pate v. Smith*, 637 F.2d 1068, 1071 (6th Cir. 1981).  We agree with the Kentucky courts that on direct review of a trial court's decision not to hold a competency hearing at the time of trial, the standard of review is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial."  *Id.* at 1072 (internal quotation marks omitted); *see also* J.A. at 90 (*Stewart IV*, No. 1999-CA-001933-MR, slip op. at 7).  We assume, without deciding, that the same standard applies when reviewing a trial court's decision not to hold a retrospective competency hearing as part of an ineffective-assistance-of-counsel claim.[3]  Thus, we must decide whether the Kentucky Court of Appeals's conclusion that "there were no reasonable grounds to question Stewart's competency and no harm resulted from the absence of a competency hearing," J.A. at 91 (*Stewart IV*, No. 1999-CA-001933-MR, slip op. at 8), was an unreasonable application of that standard.  *See* 28 U.S.C. § 2254(d)(1).

The Supreme Court has determined that a competency hearing was required in two cases.  In *Pate v. Robinson*, the Court noted that the "uncontradicted testimony of four witnesses called by the defense revealed that [the petitioner] had a long history of disturbed behavior," including in the

---

[3]Although there is at trial a due process right to a hearing when the circumstances establish a doubt with respect to competency, *see Drope v. Missouri*, 420 U.S. 162, 179-82 (1975); *Pate v. Robinson*, 383 U.S. 375, 384-86 (1966); *Smith*, 637 F.2d at 1070-72, it is unclear whether that same standard applies when a defendant attempts to show that he or she was prejudiced by trial counsel's deficient performance.  When raising an ineffective-assistance-of-counsel claim, it is the defendant's burden to establish that he or she was prejudiced because he or she was actually incompetent at the time of trial, *see supra* Section II.A, and thus due process may perhaps not require an evidentiary hearing unless the defendant makes some greater showing.  Because Stewart's claim fails even under the direct-review standard, however, we decline to resolve this issue.

10

weeks and days leading up to the commission of the crime at issue. *Id.* at 378 (footnote omitted). The petitioner exhibited normal behavior at trial, *id.* at 385-86, and the state introduced into evidence a stipulation that an expert would, if called, testify that the petitioner "knew the nature of the charges against him and was able to cooperate with counsel when [the expert] examined him two or three months before trial," *id.* at 383. Notably, the stipulation did not reflect the expert's conclusion regarding whether or not the petitioner was competent to stand trial.[4] *Id.* at 383; *cf. Dusky*, 362 U.S. at 402 (concluding that a defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him"). The Court concluded that due process required that the trial court hold a competency hearing because this evidence raised sufficient doubt as to the petitioner's competence to stand trial. *Robinson*, 383 U.S. at 385-86.

Nine years later, the Court revisited this issue in *Drope v. Missouri*. In that case, the petitioner submitted before trial a report of a psychiatric evaluation indicating that he had significant mental problems, including potential diagnoses of "Sociopathic personality disorder, sexual perversion," "Borderline mental deficiency," and "Chronic Anxiety reaction with depression." *Drope*, 420 U.S. at 165. At trial, the petitioner's wife recounted a history of bizarre behavior. *Id.* at 165-66. Finally, in the midst of trial, petitioner attempted suicide. *Id.* at 166. The Court concluded that the trial court, faced with this evidence, erred by not holding a competency hearing. *Id.* at 180.

---

[4]The Court actually stated that "the stipulation did not include a finding of *sanity*," *Robinson*, 383 U.S. at 383 (emphasis added), but the Court made clear elsewhere in its opinion that relevant state law at the time used the term "sanity" to describe both competency to stand trial and legal insanity, *id.* at 384 n.6.

11

In the case at hand, the evidence tending to show that Stewart was not competent to plead guilty was not as strong as the evidence in either *Robinson* or *Drope*. Stewart had received psychiatric treatment in the past, but there was no evidence introduced that Stewart had recent psychiatric problems, and he had previously been found competent by a state court in criminal proceedings. *Cf. Splitt v. United States*, 364 F.2d 594, 597 (6th Cir. 1966) ("[W]hen a person is sane or has been adjudged to be sane he is presumed to be sane until he is proven insane."), *cert. denied*, 385 U.S. 1019 (1967). The plea transcript shows that Stewart took two recesses during the plea hearing and had some misgivings about pleading guilty, but does not reflect any bizarre behavior or any other indications that Stewart was not competent at the time. Stewart's lawyers testified that, before pleading guilty, Stewart assisted them, provided relevant information, and appeared to understand the proceedings against him. Finally, Dr. Yunker's report, the only expert evidence in this case, concluded that Stewart was competent when he pleaded guilty. Absent any affirmative evidence showing that Stewart was not competent when he pleaded guilty, we conclude that the Kentucky Court of Appeals's determination that Stewart was not entitled to a retrospective competency hearing was a reasonable application of clearly established federal law as set forth in *Robinson* and *Drope*.

## C. Guilty Plea

Finally, Stewart argues that his guilty plea was invalid.[5] To be valid, guilty pleas "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The validity of a plea must be based on an analysis of the totality of the circumstances. *Id.* at 749; *Garcia v. Johnson*, 991 F.2d 324, 327 (6th Cir. 1993). A state court's determination that a guilty plea was valid is a factual finding entitled to a presumption of correctness on federal habeas review, rebuttable only by clear and convincing evidence. *Garcia*, 991 F.2d at 326; *see also* 28 U.S.C. § 2254(e)(1).

Stewart argues that his plea was invalid because he had a history of psychiatric problems, took two recesses during the plea hearing, answered some questions from the court untruthfully, and had used marijuana immediately before the plea hearing. As discussed above, the record as it stands does not reveal that Stewart's history of psychiatric problems rendered him unable to enter a valid plea, and the record does not reflect sufficient doubt regarding Stewart's competency to warrant our ordering a retrospective competency hearing. The recesses that Stewart took during the plea hearing reveal that Stewart had some misgivings about pleading guilty to such a long sentence, but do not show that he was unaware of the consequences of his plea or that he entered his plea involuntarily. Stewart's untruthful statements that he had never been treated for a mental illness and had never been

---

[5]The state argues for the first time on appeal that this argument is procedurally defaulted because Stewart did not present it to the Kentucky Court of Appeals. Because "procedural default is normally a defense that the State is obligated to raise and preserv[e] if it is not to lose the right to assert the defense thereafter," *Trest v. Cain*, 522 U.S. 87, 89 (1997) (alteration in original) (internal quotation marks omitted), we again exercise our discretion to dismiss this claim on the merits rather than address the issue of procedural default, *see Stovall*, 188 F.3d at 333.

in a mental hospital do raise some concern, but nonetheless do not establish that he was unaware of the consequences of his plea or that he entered his plea involuntarily. The state trial court engaged in a full plea colloquy, and Stewart's statements on the record that he understood the consequences of his plea "provide strong evidence that [his] plea was intelligent and knowing." *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004) (unpublished opinion). Stewart's evidence of past psychiatric problems and his self-serving, after-the-fact testimony that he had used marijuana before entering his plea, testimony that was in contradiction with his statement at the plea hearing that he was not currently under the influence of any drugs or alcohol, do not constitute the clear and convincing evidence necessary to rebut the state trial court's finding that Stewart entered his guilty plea voluntarily, intelligently, and knowingly. Accordingly, we conclude that Stewart is not entitled to habeas relief on this claim.

### III. CONCLUSION

Because Stewart has not shown by clear and convincing evidence that the state courts erred by concluding that his guilty plea was entered voluntarily, intelligently, and knowingly, because Stewart has not demonstrated that the state courts' failure to hold a retrospective competency hearing was an unreasonable application of clearly established federal law, and because Stewart cannot prevail on his ineffective-assistance-of-counsel claim unless he prevails on his retrospective-competency-hearing claim, we **AFFIRM** the judgment of the district court.