**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0616n.06
Filed: August 24, 2007

**No. 05-4552**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **OKERA KIRK**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and GRIFFIN, Circuit Judges; WATSON, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge**. Defendant-Appellant Okera Kirk was indicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Although Kirk entered into a plea agreement with the United States, he now argues that he did not enter the plea knowingly, voluntarily, or intelligently because of his drug addiction. For the reasons that follow, we **AFFIRM** the judgment of the district court.

**I.**

On June 8, 2005, Kirk was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 25, 2005, Kirk entered into a plea agreement with

---

[*] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

the Government in which he agreed to plead guilty to the charged offense.

The district court referred the case to a magistrate judge, who conducted a plea hearing on August 25, 2005. The magistrate judge issued a Report and Recommendation in which she concluded that Kirk was competent to plead guilty, and that his plea was knowing, intelligent, and voluntary. Following the plea hearing, the magistrate judge recommended that the district court accept Kirk's plea. The district court held a sentencing hearing on November 7, 2005. Kirk did not raise the issue of his competency at either the plea or sentencing hearings. The district court determined that the applicable Sentencing Guidelines range was 180 to 210 months' imprisonment. After noting Kirk's prior criminal history, the court stated that it "could have easily sentenced [Kirk] to the highest end of the Guideline range." (Joint Appendix ("JA") 57.) Ultimately, the court gave "some consideration" to Kirk's plea for mercy and his statements that he had changed, and sentenced him to 190 months' imprisonment.

Kirk timely appealed to this Court.

## II.

### A.

"A determination of competence is a factual finding, to which deference must be paid." *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006). Because Kirk failed to object under Rule 11 of the Federal Rules of Criminal Procedure to the district court's acceptance of his guilty plea, plain-error review applies. *United States v. Vonn*, 535 U.S. 55, 59 (2002) (explaining that a defendant's failure to raise a Rule 11 error results in plain-error review on appeal); Fed. R. Crim. P. 52(b). Under the plain-error standard of review,

[f]irst, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then consider whether to exercise our discretionary power under Rule 52(b), or in other words, we must decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings.

*United States v. Mahon*, 444 F.3d 530, 533 (6th Cir. 2006).

**B.**

On appeal Kirk raises a single claim: Kirk argues that he was not competent to enter into a plea agreement because of his drug use, and that the district court should have ordered a competency hearing when it recognized that he was a drug addict. (Appellant's Br. 8-10.) The Government maintains that Kirk was competent to plead guilty:

After having the unique opportunity to observe Kirk's demeanor, his coherent and responsive answers to every one of the court's numerous questions, his ability to read and understand the written plea agreement, his ability to engage in detailed consultations with defense counsel, and in the absence of any expert medical evidence to the contrary, there was an ample record supporting the court's finding that Kirk was competent and his guilty plea was a knowing and voluntary waiver of his rights.

(Appellee's Br. 14.) The Government is correct. The record simply does not support a conclusion that Kirk was not competent to plead guilty.

The defendant's due-process rights are violated "by a court's failure to hold a proper competency hearing where there is substantial evidence that a defendant is incompetent." *Filiaggi*, 445 F.3d at 858 (citing *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966)). A defendant is competent to plead guilty if "the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the

proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396-97 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)); *United States. v. Denkins*, 367 F.3d 537, 547 (6th Cir. 2004); *Stewart v. Morgan*, No. 05-5177, 2007 WL 1451974, at *4 (6th Cir. May 11, 2007). Thus, in determining whether the district court erred in failing to order a competency hearing sua sponte, we ask "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983); *see also Filiaggi*, 445 F.3d at 858; *United States v. Newton*, 389 F.3d 631, 637 (6th Cir. 2004).

Kirk did not raise the issue of his competency at either the plea or sentencing hearings. Kirk's argument that his competency was impaired when he entered into the plea agreement with the Government is raised for the first time on appeal. We therefore review for plain error. *See Vonn*, 535 U.S. at 59.

The facts adduced at Kirk's plea and sentencing hearings support the district court's determination that Kirk was competent to plead guilty. The magistrate judge questioned Kirk extensively in order to satisfy the requirements of Rule 11, and during this time Kirk was responsive and coherent. (*See* JA 29-49.) Kirk responded to a range of questions without exhibiting any concerns about his competency to enter into the plea agreement. He told the court he was twenty-seven years old, that he had been shot in the knee before being incarcerated, that four months later the bullet had not yet been removed, and that he was on "post-release control" for a prior state conviction. The court asked Kirk whether he had "been treated for any mental illness or addiction to alcohol or narcotic drugs" and although Kirk said "yes," he clarified that he was treated for

"alcohol . . . when [he] was young." (JA 33 (stating that the treatment for alcohol abuse occurred when he "was like 13, 14").) In response to the court's question "[h]ave you taken any kind of medication this morning," Kirk said "no." (*Id.*) Further, despite being asked by the court, neither the Government nor Kirk's attorney raised any concerns about Kirk's competency at the plea hearing. There is nothing in the transcript of Kirk's plea hearing to indicate that Kirk was not aware of the charges against him and the consequences of his guilty plea, that he was not competent to enter such a plea, or that the plea was not voluntary and knowing.

Moreover, at the sentencing hearing the district court noted that neither party had objected to the magistrate judge's recommendation regarding Kirk's competency, and then asked Kirk's attorney if it was "the defendant's position that the Court should accept the plea as well," to which Kirk's attorney responded, "It is." (JA 52.) Additionally, Kirk's attorney told the court that he had "known Mr. Kirk for several years," and that after visiting him in prison, he had "walked out of there feeling comfortable that Mr. Kirk has somehow come to peace with the changes in his life and accepted a new way. . . . He has changed, and I think he has a better way ahead of him." (JA 54-55.) Kirk told the court that he had a difficult childhood because "I was raised with no father. . . ." (JA 55.) He also explained his predicament as follows:

> And being that I ran the streets a lot, I mean, I took into other guys and being that they, them guys was around me, I took them into being my family as well, you know, and that's the only reason why I picked up a gun, was to help somebody out.

(*Id.*) Kirk apologized to the court for his behavior and asked for an opportunity to prove that he had changed for the better:

> Ma'am, I just want to prove it. That's all I'm asking. That's all I'm asking is can I

prove it. . . . If I ever in my life come back into your courtroom, you can do whatever you want with me. I just want to prove it. That's all I want to prove to you. . . . I'm grown. I know how to take my responsibilities now and be a man. I don't need no streets no more.

(JA 56.) Kirk's statements, along with his attorney's statements that Kirk was a changed man, undercut his present argument that Kirk was addicted to drugs at the time of his plea. Further, the plea-hearing transcript indicates that Kirk was incarcerated for at least four months prior to that hearing.[1] Presumably, Kirk would not have been using drugs while in prison, or at least not as frequently or as consistently as he might have been if not incarcerated.

Kirk sets forth no evidence indicating that he was abusing drugs at the time of his plea. As the Fifth Circuit stated in *Sanchez v. United States*, 401 F.2d 771, 772 (5th Cir. 1968) (per curiam), Kirks' "bare allegations of his history of drug addiction [is] insufficient to raise the issue of lack of mental competency." Further, Kirk's conduct during the proceedings supports a conclusion that he was competent to plead guilty. Kirk's conduct was not erratic or irrational. His responses to the court's questions during the plea and sentencing hearings, his attorney's assessment of his positive change in behavior, and his cogent plea for mercy at the sentencing hearing all support a conclusion that a reasonable judge would not have doubted Kirk's competency. *See Filiaggi*, 445 F.3d at 858 (stating that the question on appeal is "whether a reasonable judge . . . should have experienced doubt with respect to [the defendant's] competency to stand trial"). Given the lack of evidence supporting Kirk's argument that he was not competent to plead guilty because of his drug use, the

---

[1]The magistrate judge inquired about Kirk's leg and Kirk said he had been shot in the knee before he was imprisoned. Kirk told the judge that this incident had occurred about four months prior to the plea hearing.

district court did not err in concluding that Kirk was competent.  As we explained in *Mahon*, "[a]bsent any error, our inquiry is at an end."  444 F.3d at 533.

Lastly, nothing in the record indicates, and the parties do not argue, that the court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.  The purpose of Rule 11 is to "ensure that the district court is satisfied that the defendant's plea is knowing, voluntary, and intelligent."  *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005).  "Rule 11 requires that a district court verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged."  *Id.* at 378-79.  Thus, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3).  We have held that "[w]here the crime is easily understood, . . . a reading of the indictment, or even a summary of the charges in the indictment and an admission by the defendant, is sufficient to establish a factual basis under Rule 11."  *United States v. Williams*, 176 F.3d 301, 313 (6th Cir. 1999) (quoting *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990) (internal quotation marks omitted)).  Further, the district court must be certain that the defendant understands "the nature of each charge to which the defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  "To satisfy this requirement, however, a district judge '[i]n a simple case' need only read the indictment to the defendant and permit the defendant to ask questions about the charges."  *Webb*, 403 F.3d at 379 (quoting *United States v. Valdez*, 362 F.3d 903, 908 (6th Cir. 2004) (alteration in original)).

Here, the magistrate judge explained to Kirk that by pleading guilty he was waiving certain

constitutional rights, such as the right to a trial, and verified that Kirk was voluntarily pleading guilty and was not being coerced or threatened to do so. The Government summarized the plea agreement and Kirk's attorney agreed that the terms of the agreement were correct. The magistrate judge then proceeded to establish a factual basis for the plea by reading the facts of the charged offense to Kirk, and asking Kirk if those facts were accurate. Kirk and his attorney both agreed that the facts as stated in the plea agreement were correct. Additionally, the magistrate judge explained to Kirk the elements of the felon-in-possession charge, and Kirk's attorney acknowledged that he had reviewed the plea agreement with Kirk prior to the plea hearing. We therefore conclude that the district court's plea hearing was not erroneous under Rule 11 and that the district court properly accepted Kirk's guilty plea.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.