**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles E. GOFF, Jr., Defendant–**
**Appellant.**

**No. 99–3813.**

United States Court of Appeals,
Sixth Circuit.

July 31, 2001.

Before BATCHELDER and CLAY,
Circuit Judges; POLSTER,* District

*Podiatric,* 438 N.W.2d at 355 (citing *Feldman,* 360 N.W.2d at 886).

* The Honorable Dan A. Polster, United States District Court for the Northern District of Ohio, sitting by designation.

Judge.

BATCHELDER, Circuit Judge.

Defendant Charles Goff, Jr. appeals his sentence, imposed after he pled guilty pursuant to a written plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute cocaine. Because we conclude that Goff waived his right to appeal his sentence, we dismiss this appeal for lack of jurisdiction.

Goff's plea agreement with the government contained an express waiver of the right to appeal:

The defendant is aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal all matters pertaining to this case and any sentence imposed by the Court.

At Goff's plea hearing, the district court thoughtfully and carefully reviewed with Goff, and Goff's lawyer, the nature of the charge to which Goff was pleading, the rights Goff was surrendering, and the factual basis for the plea, as well as Goff's competency to enter the plea and his understanding of the proceedings. At the court's request, the prosecutor read the entire plea agreement into the record, after which the court asked about the scope of the appeal-waiving provision:

THE COURT: All right, sir. I'm curious, Mr. Chema [AUSA], just as a matter of for my knowledge, paragraph numbered nine or rather numbered ten where the defendant knowingly waives the right to appeal all matters pertaining to this case and any sentence imposed by the Court, does that mean that if I should suddenly decide, by whim, without any basis to give this defendant a sentence of 400 months rather than 235 months that the defendant would have no appeal rights?

MR. CHEMA: We would not say that's the position that this waiver encompasses, your Honor. If the guideline sentence is imposed and if the matter of the prior suppression motion which I believe is probably waived just by the entering of this plea, by the entering of the plea.

THE COURT: It's much too late in the day to quibble. Your explanation is helpful. I frankly think the paragraph is too broadly drawn. You may want to reconsider its use in subsequent plea agreements.

The court then specifically asked both Goff and his lawyer whether they understood the plea agreement to say what the prosecutor had read into the record and understood what the plea agreement meant, and Goff had signed and accepted the agreement. Both Goff and his lawyer responded affirmatively in all respects. After making specific findings, including that Goff was competent to enter the plea, that he understood the plea agreement and all of his rights, and that his plea was knowing and voluntary, the court accepted Goff's guilty plea.

At Goff's sentencing, however, the court made no reference to the plea agreement's express waiver of the right to appeal the sentence and instead, following imposition of sentence, gave Goff the standard advice of appeal rights.

COURT: Now, Mr. Goff, having imposed a sentence, I want to take a moment to advise you of your right of appeal.

Anytime within 10 days from today, you have the right to appeal any action of this Court that you feel to have been improper to a higher court known as the Court of Appeals, and you are entitled to the services of an attorney to make this appeal. If you don't have an attorney and feel that you can't afford one, the

Court will appoint one for you at no cost to yourself, and this attorney will see to it both that your appeal is filed and that all of the necessary court papers are prepared for you at no expense. And in this fashion your appeal will be both filed and fully argued.

Do you understand, sir, what I've said?

THE DEFENDANT: Yes, sir.

THE COURT: Let the record show in this case, CR–3–96–97(4), United States versus Charles Goff, Jr., that sentence has been imposed, the Defendant orally explained his right of appeal; he has indicated an understanding of it.

Mr. Rion, is there anything further for the record?

MR. JOHN RION [defense counsel]: No, sir.

THE COURT: Mr. Chema?

MR. CHEMA [AUSA]: Nothing, Your Honor.

The court sentenced Goff to 188 months in federal prison and 5 years' supervised release, and Goff filed a timely notice of appeal.

On appeal, Goff argues that the district court erred when it refused to hear evidence about alleged government misconduct. Goff asserts that he wanted to use this evidence to seek a downward departure from the minimum sentence called for under the Sentencing Guidelines. The government argues that we should dismiss Goff's appeal for want of appellate jurisdiction because Goff waived his right to appeal when he signed his plea agreement.

This case is entirely governed by this court's recent opinion in *United States v. Fleming,* 239 F.3d 761, 765 (6th Cir.2001). There we held that where a defendant knowingly and voluntarily enters into a valid plea agreement pursuant to which he waives his right to appeal, the district court cannot unilaterally reinstate that right to appeal. To the extent that the district court may advise the defendant of the right to appeal, that advice of rights does not effect such a reinstatement. *Id.* at 756. Goff's circumstances are indistinguishable from those of Fleming.

Accordingly, we dismiss Goff's appeal for lack of jurisdiction.