**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Solomon NISSENBAUM, a/k/a/ S.
David Nissen, Defendant–
Appellant.**

**No. 02–2519.**

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Stanley J. Janice, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Solomon Nissenbaum, pro se, Milan, MI, Robert D. Little, Law Office of Robert Little, Maplewood, NJ, for Defendant–Appellant.

Before: BOGGS and SILER, Circuit Judges; and RICE,* District Judge.

PER CURIAM.

Pursuant to a Rule 11 plea agreement, defendant Solomon Nissenbaum, a/k/a/ S. David Nissen,[1] who is seventy-eight years old, and a law school graduate, pleaded guilty to one count of theft of government property in violation of 18 U.S.C. § 641 and received an eight-month sentence at a

---

* The Honorable Walter Herbert Rice, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1. Although the defendant apparently has legally changed his name to S. David Nissen, consistent with the indictments, and the district court's judgment and commitment order, we will refer to the defendant as Nissenbaum.

community correction center. On appeal, Nissenbaum argues that he did not knowingly and voluntarily enter into the plea agreement, and he also requests that we review his sentence for "error." We AFFIRM Nissenbaum's conviction and sentence.

# I. BACKGROUND

Nissenbaum is the son of Ida Nissenbaum. who died on or about August 17, 1986. During her life, Ida received benefits from the Social Security Administration (SSA). Following her death. Nissenbaum continued to receive and use his mother's pension benefits. This arrangement continued until 1999, when the SSA became aware that Ida Nissenbaum had died thirteen years earlier. The total amount of Social Security benefits paid to Ida after her death. and misappropriated by Nissenbaum, was $95,569.00.

Nissenbaum was indicted on two counts of theft of government property in violation of 18 U.S.C. § 641, one count of forging endorsements on United States Treasury checks in violation of 18 U.S.C. § 510(a)(1), one count of passing, uttering and publishing checks with forged endorsements in violation of 18 U.S.C. § 510(a)(2), and two counts of making false statements in violation of 18 U.S.C. § 1001. Pursuant to a Rule 11 plea agreement, Nissenbaum pleaded guilty to one count of theft of government property, and the United States agreed to dismiss all other charges. He was then sentenced to eight months, to be followed by two years of supervised release.[2] He was also ordered to pay the United States $95,569.00 in restitution.

# II. ANALYSIS

## A. *Plea Agreement*

Nissenbaum states that he did not knowingly and voluntarily enter into his Rule 11 plea agreement, and, thus, he asks that we remand this case for trial. Although citing dozens of cases of general application, as well as the particulars of Federal Rule of Criminal Procedure 11. the extent of his appeal is the following two conclusory sentences: "Nissenbaum's guilty plea was not a knowing, voluntary waiver. Nissenbaum respectfully asks the Court to review the transcript of his guilty plea for plain error." This analysis has failed to point to any facts or circumstances that tend to suggest that Nissenbaum did not knowingly and voluntarily enter his plea agreement. It also says nothing with regard to whether the district court complied with the steps laid out in Rule 11.

■ Nonetheless, when reviewed for plain error, *see United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002) (holding that when a defendant "lets [a] Rule 11 error pass without objection in the trial court[,] ... [the] silent defendant has the burden to satisfy the plain-error rule"), the plea hearing transcript demonstrates that Nissenbaum was competent to enter a guilty plea, understood the charge against him and the constitutional rights he was waiving, and that an adequate factual basis was presented showing that Nissenbaum's conduct fell within the scope of the charged offense.

---

**2.** It appears that Nissenbaum has already, or soon will have, served his eight-month sentence, which commenced on or about December 10, 2002. Notwithstanding this fact, this case is not moot since this appeal potentially implicates Nissenbaum's supervised release dates. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993) (per curiam) ("Petitioner has been released from federal custody. However, his supervised release dates are affected by the erroneous computation. Thus, his claim is not moot.").

*See id.* at 1048 ("Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."). Also, the district court complied with the procedural requirements of Rule 11. In short, Nissenbaum has failed to show that plain error affected his substantial rights, or that such error, assuming it exists, "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks and citation omitted). Accordingly, we find no basis to invalidate Nissenbaum's plea agreement, and his conviction stands.

### B. *Sentence*

Nissenbaum also challenges his sentence, although he has failed to identify any error for us to review. In fact, Nissenbaum's entire analysis boils down to the following lonely sentence: "Nissenbaum respectfully asks this Court to review his sentence for error." Under the facts of this case, Nissenbaum has waived his right to appeal any aspect of his sentence.

It is beyond contention that "[a]ny right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily." *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.) (refusing to entertain a defendant's arguments challenging his sentence because the defendant knowingly and voluntarily entered a "plea agreement [that] waived his right to contest any aspect of his sentencing"), *cert. denied,* 516 U.S. 859, 116 S.Ct. 166, 133 L.Ed.2d 108 (1995).

■ In the instant case, Nissenbaum entered into a plea agreement, which provided in pertinent part that "[p]ursuant to Rule 11(e)(1)(C), the government agrees that a sentence of no more than the midpoint of the sentencing guideline range which the Court determines to be applicable is an appropriate disposition of the case." The plea agreement also contained the following provision:

> *Defendant's waiver of appeal rights.* If the court imposes a sentence equal to or less than the maximum sentence described ... [in] th[is] agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines. The parties agree, however, that defendant may appeal the court's imposition of an aggravating role enhancement.

At Nissenbaum's offense level of twelve, and criminal history category of one, the applicable sentencing guideline range is ten to sixteen months. The district court sentenced Nissenbaum to a term of eight months, which was not only below the midpoint of that range, but was also below the minimum of that range. Also, even though the plea agreement required Nissenbaum to be placed on supervised release for at least three years, the district court imposed a supervised release term of only two years, a departure to which the government has not objected. Accordingly, Nissenbaum is bound by the terms of the plea agreement; he has waived his right to appeal any aspect of his sentence. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.) ("By appealing an issue that she stipulated to and agreed not to contest, [the defendant] is attempting to void the plea agreement in violation of *Ashe.* Accordingly, we find that [the defendant] waived her right to appeal the abuse of a position of trust enhancement.") (internal citation omitted), *cert. denied,* 516 U.S.

1002, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995).

**AFFIRMED.**