**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0615n.06

No. 18-5252

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 11, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| JAMES ALLEN EAPMON, | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant James Allen Eapmon appeals the district court's imposition of a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), following his guilty plea to conspiracy to possess and distribute methamphetamine. Eapmon also argues that he lacked the ability to knowingly and voluntarily enter into a plea agreement and that the district court erred by denying his oral motion to withdraw his guilty plea at the sentencing hearing. Because neither of these issues are included in the "statement of issues" section of his brief, however, they are forfeited on appeal. Additionally, the one argument that Eapmon does include in the statement of issues—the challenge to his sentence—is waived on appeal because Eapmon "only adverts to this argument in a perfunctory manner without an effort at developed argumentation." *United States v. Hendrickson*, 822 F.3d 812, 829 n.10 (6th Cir. 2016) (cleaned up). Even if we were to ignore the forfeiture and

waiver, however, Eapmon's claims would fail on the merits. We therefore affirm his conviction and sentence.

I.

In late 2016, a grand jury indicted Eapmon and three codefendants for, among other things, conspiracy to possess and distribute at least fifty grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l) and 846. Eapmon was also individually charged with distribution of at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At his initial arraignment, Eapmon entered a plea of not guilty.

Eapmon's counsel moved for a psychological examination to determine whether he was competent to stand trial. The district court granted the motion and ordered that Eapmon "undergo psychiatric or psychological examination(s) in accordance with 18 U.S.C. § 4247(b), with report(s) to follow by the examiner(s) that shall comport with § 4247(c)(4)." A forensic psychologist examined Eapmon, performed psychological tests, and prepared a report discussing her findings. She diagnosed Eapmon with "unspecified depressive disorder," "antisocial personality disorder," and "other substance use disorder, in a controlled environment." The report explained that "although Mr. Eapmon currently meets criteria for personality and mood disorders, these diagnoses do not render him incompetent to stand trial." The examining psychologist also observed that "Mr. Eapmon understood pleading guilty means acknowledging his role in, and accepting responsibility for, the alleged offense. He understood pleading not guilty means maintaining his innocence with regard to the alleged offense. Mr. Eapmon understood the concept of a plea bargain." The report concluded:

> Mr. Eapmon has a basic, factual understanding of court-related concepts and procedures. He was able to correctly retain, information from one session to the next. Further, he demonstrated adequate present ability and capacity to consult with

his attorney despite initial concerns. Therefore, based on the available information, in the opinion of the undersigned examiner, Mr. Eapmon is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Eapmon is currently competent to stand trial.

After the psychologist completed her report, the district court held a competency hearing. The government presented the psychiatric report as evidence of Eapmon's competence, while the defense cross-examined the psychologist without presenting any evidence. The court found Eapmon mentally competent to stand trial and arraigned him with respect to the superseding indictment. Again, he entered a plea of not guilty.

The government and Eapmon then entered into a signed plea agreement, in which Eapmon agreed to plead guilty to the conspiracy charge. In it, the parties agreed that "Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary." A supplement to the agreement, also signed by Eapmon and his attorney, concerned Eapmon's cooperation with the investigation and prosecution and providing substantial assistance to the government. This supplement specified that the government "has the sole discretion to decide whether or not to file" a motion for a downward departure or for a sentence below the applicable minimum, "based on the truthfulness of the Defendant, the level of assistance provided by the Defendant, and the benefits obtained from that assistance." It also stated that "[t]he Judge has the authority to decide whether or not to grant any motion and to ultimately decide the sentence to be imposed." (*Id.*) The plea agreement included an appellate waiver as well.[1]

---

[1]We will not enforce the appellate waiver here, however, for two reasons. First, "an appeal-waiver provision in a plea agreement is binding so long as it is made knowingly and voluntarily."

The district court then held a change of plea hearing. Defense counsel discussed Eapmon's competency, stating that "[t]o cover all the bases, I felt it necessary that we do that. . . . He was evaluated. The determination was that he was competent to stand trial. We had an independent assessment as well, who also agreed that Mr. Eapmon was competent to stand trial. He understands what's going on." When the court asked counsel if anything since the competency determination gave him pause regarding Eapmon's competence, counsel replied in the negative and reiterated that Eapmon "knows what's going on."

The district court also thoroughly questioned Eapmon himself. Eapmon confirmed that he had reviewed the plea agreement with his attorney, that the government's oral summary of the plea agreement at the hearing was accurate, that he committed the underlying offense, and that he was pleading guilty. The district court informed Eapmon of the mandatory minimum sentence of life and its lack of discretion regarding that sentence, stating, "[l]et me just put something as plainly as I can. Unless [Assistant United States Attorney ("AUSA")] Mr. Bracke makes a motion on your behalf pursuant to 18 U.S. Code, Section 3553(e), the Court will have no discretion to sentence you to anything other than life in prison. Do you understand that?"[2] Eapmon replied,

---

*Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998). Because Eapmon challenges the validity of the plea agreement itself, we naturally must determine whether the agreement is valid before enforcing its terms, including the appellate waiver. Second, while the government mentions the appellate waiver in its brief, it does not urge that we enforce it. "[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion." *Id.*; (*see* Appellee's Br. at 6, 10.) Here, the government "chose to identify the issue but not to press it— wh[ich] amounts to a forfeiture." *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018).

[2]While 21 U.S.C. § 841(b)(1)(A) imposes a mandatory minimum sentence of life if certain circumstances are present, 18 U.S.C. § 3553(e) provides that "the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense," but only "upon motion of the Government." If the government makes no motion, the district court has no discretion to impose a sentence below the mandatory minimum. *See United States v. Burke*, 237 F.3d 741, 744 (6th Cir. 2001).

"[y]es sir."  The court also explained that "the individual who decides whether that motion is filed is not me.  It's not you.  It's not [Eapmon's attorney,] Mr. Drennen.  It's Mr. Bracke. . . . .  And I can't force him to make that motion."  Eapmon confirmed multiple times during this exchange that he understood.

The district court concluded the hearing by making the following findings:

I find first that you are fully competent and capable of entering an informed plea and that you're aware of the nature of the charge in Count 1 of the superseding indictment, and the consequences of entering a plea, and that the plea of guilty is a knowing and voluntary one supported by an independent basis in fact satisfying the essential elements of the offense.  Your plea is therefore accepted, and you are adjudged guilty of Count 1.

The United States Probation Office conducted a presentence investigation and prepared a report ("PSR").  After final calculations and Eapmon's objections to certain portions of the PSR, Eapmon had a total offense level of 35 and a criminal history category of VI, leading to an advisory guidelines range of 292 to 365 months.  Because he had at least two prior convictions for felony drug offenses, however, Eapmon was subject to a mandatory life sentence imposed by 21 U.S.C. § 841(b)(1)(A).

The district court held a sentencing hearing on February 23, 2018.  AUSA Bracke told the court that the government would not be making a motion for a sentence below the applicable minimum because Eapmon's cooperation had not led to new indictments, convictions, or any other tangible benefits to the United States.  Mr. Bracke explained that "talking simply isn't enough, the evidence, the cooperation has to lead to the seizure of items, it has to lead to prosecution of individuals, we have to have something tangible that benefits the United States from the cooperation."  In response, Eapmon made an oral motion to withdraw his guilty plea.  He stated that "I would have never pled guilty to life, sir . . . if I wasn't advised that I would be getting

somewhere between 15 to 20 years, I would go to trial and get life. I would never have ended up pleading guilty."

The district court reminded Eapmon of the discussion they had during the change of plea hearing and walked through the relevant factors before concluding that there was no valid reason to allow him to withdraw the guilty plea; *see United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000). Accordingly, the court denied the motion. After observing that "my hands are pretty much tied at this point," the court sentenced Eapmon to life imprisonment.

II.

First, Eapmon challenges the district court's imposition of a life sentence, which we review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). In fact, this is the only issue included in the "statement of issues" section of his brief. But Eapmon does not elaborate on this issue at all. He does not specify whether he challenges his sentence on procedural or substantive grounds and does not even explain how or why he believes the district court's sentence was in error. "A party may not raise an issue on appeal by mentioning it in the most skeletal way, leaving the court to put flesh on its bones." *Hendrickson*, 822 F.3d at 829 n.10 (cleaned up). This issue is therefore waived on appeal. *Id.* In any case, a challenge to Eapmon's sentence would fail on the merits because the district court imposed the only sentence available: the mandatory minimum of life imprisonment. *See United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). In other words, there can be no abuse of discretion where there was no discretion to begin with.

The substance of Eapmon's brief focuses not on the appropriateness of his sentence per se, but on a challenge to his guilty plea (which he claims was not knowing and voluntary) and on the district court's denial of his oral motion to withdraw the plea, which he made at the sentencing

hearing. Federal Rule of Appellate Procedure 28(a)(5) requires that an appellant's opening brief contain, under an appropriate heading, a statement of the issues presented for review. Any issue raised in the brief but not in the statement of issues, then, is forfeited. *United States v. Calvetti*, 836 F.3d 654, 664 (6th Cir. 2016) (argument not listed in the statement of the issues was forfeited); *McCarthy v. Ameritech Publ'g, Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) (argument not raised in either the argument or issues section was forfeited). Because the "statement of issues" in Eapmon's brief does not mention either challenge regarding his guilty plea, both are forfeited on appeal.

Even if these issues were not forfeited, they would fail on the merits. First, we address Eapmon's challenge to his guilty plea. "We review de novo whether a defendant's plea was entered knowingly, voluntarily, and intelligently," but review the district court's factual findings for clear error. *United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013). And "[w]hen a defendant fails to object contemporaneously to the district court's alleged failure to comply with the requirements of Rule 11, we review for 'plain error.'"[3] *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (quoting *United States v. Vonn*, 535 U.S. 55, 59 (2002)). This is the case here, as Eapmon did not move to withdraw his guilty plea until halfway through the sentencing hearing, over four months after entering it. So plain error review applies, meaning Eapmon must show that, but for the error, he would not have pleaded guilty. *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012).

---

[3]Federal Rule of Criminal Procedure 11 requires a district court to verify that a defendant is pleading guilty voluntarily and knowingly, and that he "understands his . . . applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that [he] committed the crime charged." *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005).

Eapmon argues that his plea was not voluntary and knowing because was not mentally competent to plead guilty, despite admitting that the district court found him mentally competent to stand trial prior to entering the plea. A competency determination, according to Eapmon, "essentially determines whether the defendant understands the charges and can assist counsel"; he argues that this "does not address the ability to make decisions such as entering into a plea agreement." But "[a] defendant's competence to enter a guilty plea is measured under the same standard applicable to competence to stand trial." *United States v. Heth*, 338 F. App'x 489, 496 (6th Cir. 2009) (citing *Godinez v. Moran*, 509 U.S. 389, 397–98 (1993)).[4] To the extent that Eapmon attempts to assign different standards to a defendant's competency to plead guilty and his competency to enter into a plea *agreement*, his argument fails. As Eapmon points out, "[a] plea agreement is a contract," *United States v. Jones*, 417 F.3d 547, 549 n.1 (6th Cir. 2005), and Eapmon cites no authority for the proposition that a higher threshold of competence is required to enter into a contract than to enter a guilty plea. Our precedent does not support such a distinction. *See United States v. Stead*, 746 F.2d 355, 356 (6th Cir. 1984) ("Having found that the defendant was competent to plead guilty, understood his rights and was not coerced in any way, the court accepted the plea agreement."); *see also United States v. Kirk*, 240 F. App'x 66, 67 (6th Cir. 2007); *United States v. Nissenbaum*, 75 F. App'x 412, 413 (6th Cir. 2003); *United States v. Goff*, 16 F. App'x 431, 432 (6th Cir. 2001).

---

[4]It is unclear whether Eapmon challenges the district court's finding that he was competent to stand trial, but to the extent that he does, this challenge fails. "We review competency determinations for clear error," and Eapmon was not shown that the district court committed clear error in finding that he was competent to stand trial. *United States v. McCarty*, 628 F.3d 284, 294 n.1 (6th Cir. 2010). In fact, our independent review of the record finds nothing but support for the court's determination, including the psychologist's report, the fact that defense counsel presented no evidence contradicting the report or the psychologist's testimony at the competency hearing, defense counsel's admission during the change of plea hearing that Eapmon was competent, and Eapmon's own active participation during that hearing.

Eapmon also argues that his plea was not voluntary or knowing because "he thought by signing the agreement, he would help the government and get 15 to 20 years in prison" and "[a]t no time did he truly understand that he may be sentenced to life in prison." The record contradicts Eapmon's assertions. Eapmon was informed several times over as to what exactly he was agreeing to by pleading guilty and signing the plea agreement. First, the plea agreement and its supplement explicitly provided that the government had the sole discretion to choose whether to file a motion for a sentence below the applicable minimum and noted that, even if it did, the district court was under no obligation to grant such a motion. Second, Eapmon confirmed that he had discussed the plea agreement with his attorney, who explained its terms to him in detail. Third, the district court thoroughly explained these circumstances to Eapmon at the change of plea hearing, pausing to ask him several times if he understood. Each time, Eapmon replied that he did.

AUSA Bracke accurately summed up the situation at the sentencing hearing: "Mr. Eapmon was never promised a motion under any circumstances. He was never promised a recommendation of 15 to 20 years. He was promised the *opportunity* to try and get out of a life sentence that he was otherwise facing" (emphasis added). The fact that the opportunity did not pan out for Eapmon and result in a lower sentence neither invalidates his conviction nor renders his guilty plea involuntary.

As for Eapmon's other forfeited issue, we note that it would fail on the merits as well because the district court did not abuse its discretion when it denied Eapmon's oral motion at the sentencing hearing to withdraw his guilty plea. *See United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). District courts in this circuit evaluate motions to withdraw a guilty plea using the factors set forth in *Bashara*:

> These include: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move

for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d at 1181.

Here, over four months had elapsed since Eapmon entered his guilty plea when he moved to withdraw it at the sentencing hearing. Eapmon's only reason given at the time for withdrawing the plea was the fact that the government decided not to move for a sentence below the applicable mandatory minimum, which was not a "valid reason." *See Haygood*, 549 F.3d at 1052–53 ("Plea withdrawals should generally not be allowed where a defendant has made 'a tactical decision to enter a plea, wait[ed] several weeks, and then . . . believes he made a bad choice in pleading guilty.'" (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991))). Eapmon had not asserted or maintained his innocence, and he had extensive prior experience with the criminal justice system, as evidence by his prior convictions that served as the bases for the imposition of the mandatory minimum sentence. As for prejudice, "[t]he government need not establish prejudice if the defendant has failed to show cause to withdraw a plea." *Martin*, 668 F.3d at 797. Eapmon has failed to do so here. Finally, there was nothing about the circumstances of the guilty plea or Eapmon's own nature and background that militated towards granting the motion to withdraw the plea, as Eapmon was found competent beforehand and the district court's colloquy at the change of plea hearing was thorough and attentive to this concern. Thus, our analysis confirms that Eapmon's motion to withdraw his guilty plea should have been denied, and we find that the district court did not abuse its discretion by doing so.

### III.

For these reasons, we affirm.