**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randall L. HAWKINS, Defendant–Appellant.**

**No. 00–5572.**

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.[*]

Randall L. Hawkins appeals his judgment of conviction and sentence. The case has been referred to this panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, we unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In December 1999, Hawkins pleaded guilty to a charge of making false statements, a violation of 18 U.S.C. § 1001. The district court sentenced Hawkins to five years of probation and ordered him to pay $25,000 in restitution to the United States Department of Labor. Counsel for Hawkins has filed a motion to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

**334**

L.Ed.2d 493 (1967). *See* Rule 101(f), Sixth Circuit Supplemental Procedural Rules. Hawkins has responded to counsel's motion with a pro se brief.

*Anders* requires the attorney to ask permission to withdraw and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744 (internal citations omitted). The defendant must be notified and given the opportunity to raise any additional points. *Id.* Although believing the appeal to be without merit, counsel has submitted one issue for review: whether Hawkins was mentally competent to enter the guilty plea. In his pro se brief, Hawkins also challenges his mental competency to enter the plea. In addition, Hawkins argues: (1) that the amount of restitution ordered by the district court is too high and that he is unable to pay it, (2) that defense counsel was ineffective, and (3) the evidence was insufficient to support his conviction. As discussed below, these issues are without merit.

As an initial matter, we will not review Hawkins's issues enumerated two (ineffective assistance) and three (insufficiency of the evidence). The general rule is that this court will not review an ineffective assistance of counsel claim on direct appeal because an adequate record has not been developed on the issue. *See, e.g., United States v. Long*, 190 F.3d 471, 478 (6th Cir.), *cert. denied*, 528 U.S. 1032, 120 S.Ct. 555, 145 L.Ed.2d 431 (1999). Hawkins's case presents no reason to deviate from this rule.

■ Hawkins has waived his sufficiency challenge by entering a constitutionally valid and unconditional guilty plea. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir.1987).

■ The determination of a defendant's competency is a factual finding that this court reviews for clear error. *See United States v. Branham*, 97 F.3d 835, 855 (6th Cir.1996). A guilty plea must be competent, knowing, and voluntary. *See Godinez v. Moran*, 509 U.S. 389, 396–97, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). The competency standard for pleading guilty is identical to that for standing trial. *Id.* at 397. The inquiry is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). The guilty plea, which constitutes a waiver of constitutional rights, is knowing and voluntary if the defendant understands "the significance and consequences of a particular decision and … the decision is uncoerced." *Godinez*, 509 U.S. at 401 n. 12 (citations omitted).

■ The record supports the district court's finding that Hawkins was competent when he made his plea. Hawkins was charged with three counts of making false statements to the Workers Compensation Program of the Department of Labor. While he worked actively as an electrical contractor, Hawkins made sworn statements that he was not self-employed, worked no hours, and had no income.

In a written plea agreement signed by Hawkins, he admitted that he was, in fact, guilty of making false statements to the Office of Workers Compensation. As part of the agreement, Hawkins agreed to make full restitution in the amount of $25,000; the government agreed to recommend a sentence and fine at the low end of the guideline range and not to oppose a reduction for acceptance of responsibility.

Rearraignment was conducted in December 1999. In response to questioning by the court, Hawkins stated that he took prescription medication that allowed him to function. Hawkins testified that he was medicated at the time of the plea hearing and that he had been treated at a mental hospital at different intervals from 1993 through 1995. He stated that his only therapy at the time of the proceeding was attending a men's group every other Monday at a Veterans Administration hospital. Upon questioning by the court, defense counsel and the prosecutor stated that they believed Hawkins was competent to enter the plea.

The district court then cautioned Hawkins that the plea would not be accepted unless Hawkins stated truthfully that he was guilty of the crime charged. Regarding the factual basis for the plea, Hawkins admitted in open court that he was paid for his electrical work and that he failed to report this income to the Department of Labor.

The judge did not hold a competency hearing but found that Hawkins was competent at the time of his plea. Hawkins raised no objections at sentencing. Hawkins's ability to function as an under-the-table electrician and his demonstrated presence of mind at rearraignment belie any contention that he was not competent to enter the plea.

Hawkins's pro se challenge to the restitution amount is also lacking in merit. Because no objection was registered to the original order of restitution at sentencing, review is for plain error. *See United States v. Hall,* 71 F.3d 569, 573 (6th Cir. 1995).

In determining the amount of restitution that should be ordered, a sentencing court is required to consider the factors listed in 18 U.S.C. § 3664(a), including the defendant's ability to pay. *United States v.*

*Bondurant,* 39 F.3d 665, 668 (6th Cir. 1994). The court must "consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *Id.* (citing 18 U.S.C. § 3664(a)).

The burden is on the defendant to establish a lack of financial resources. *See United States v. Blanchard,* 9 F.3d 22, 25 (6th Cir.1993). Nothing indicates that Hawkins is unable to comply with the restitution ordered by the district court.

Hawkins's ability to pay restitution was taken into account by the sentencing judge; thus no nonfrivolous issue arises from the restitution order. The presentence investigation report before the district court contained detailed information relating to Hawkins's financial position and earning potential, employment history, his earnings from his employment, and his training as an electrician. The court adopted the findings in the report as its own. Section 3664 provides that the district court may rely on the presentence report to evaluate the factors relating to an order of restitution. *See Hall,* 71 F.3d at 573. The district court was not required to make further findings on Hawkins's financial condition, *see id.* at 573–74, and a separate hearing was also not required. *See United States v. Smith,* 944 F.2d 618, 621 (9th Cir.1991).

Lastly, we have reviewed the record, and we conclude that no reversible error exists. The district court properly accepted Hawkins's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d

162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *See Brady,* 397 U.S. at 755. The court explained to Hawkins the rights he was waiving, the statutory maximum sentence involved, and the application of the Sentencing Guidelines. *See* Fed.R.Crim.P. 11(c)(1), (c)(3). Hawkins acknowledged the facts underlying his conduct and his guilt of the crime charged. *United States v. Edgecomb,* 910 F.2d 1309, 1313 (6th Cir.1990) (concerning the district court's duty to establish a factual basis for a plea).

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.