<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0218n.06

No. 13-5430

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARK E. MCCOWAN, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**

Mar 21, 2014
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN, WHITE, and STRANCH, Circuit Judges.

PER CURIAM. Mark E. McCowan, a federal prisoner, appeals through counsel his conviction of conspiracy to distribute heroin, for which he was sentenced to 180 months of imprisonment. McCowan argues on appeal that his guilty plea was not voluntary because his mental capacity was diminished as a result of head injuries suffered in a car accident one year before he pled guilty.

We review an alleged error under Rule 11 of the Federal Rules of Criminal Procedure for plain error where the defendant did not make any objection in the district court. *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). A district court is required to order a competency hearing only where there is a bona fide doubt about the defendant's competence. *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004).

Review of the plea transcript in this case reveals no plain error on the district court's part in not questioning McCowan's competence. The only evidence McCowan offers to support his

argument that the district court was required to conduct further inquiry into his mental capacity is his statement to the court that he sometimes has pains in his head from the car accident, but that he never was treated for the injury. The rest of the transcript shows that McCowan competently responded to the court's questions and even corrected the court's statement that the parties had entered into a plea agreement. McCowan knew that the court was asking him questions to determine whether he was "clear about what [he was] saying," and stated that he had "a clear mind." Both counsel expressed their satisfaction that McCowan was competent. The district court specifically found that McCowan was in full possession of his faculties, had no apparent mental illness, and understood the proceeding. We conclude that this finding was not clearly erroneous.

Because McCowan has failed to demonstrate any plain error during his plea proceeding, we affirm the district court's judgment.