**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0051n.06

Case No. 18-1266

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 30, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| AKRAM ALFADHILI, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**O P I N I O N**

BEFORE: CLAY, McKEAGUE, and WHITE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Akram Alfadhili pled guilty to being a felon in possession of a firearm and received a 100-month sentence. At both his plea and sentencing hearings, Alfadhili alerted the district court that he had been temporarily deprived of psychiatric medications prescribed to treat his various mental illnesses. The district court accepted Alfadhili's plea and sentenced him without ordering a competency hearing. On appeal, Alfadhili claims he was not competent and asks that his plea and sentence be vacated. Finding no error, we affirm.

**I**

On October 20, 2015, police officers observed Akram Alfadhili in front of a Detroit liquor store. When the officers followed him into the store, they saw him drop foil packets on the floor. They arrested him for suspected narcotics activity, and a subsequent pat down revealed more

packets and pill bottles. The officers then placed him in the back of a squad car and began driving him to a detention center. On the way, an officer noticed Alfadhili reaching into his pants and saw a handgun fall from his pantleg onto the floorboard. A federal grand jury indicted him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On September 19, 2016, Alfadhili signed a plea agreement indicating his intention to plead guilty. On October 6, the district court held a plea hearing to accept the plea. Neither Alfadhili nor his attorney objected to competency during the hearing. During the plea colloquy, Alfadhili informed the court that corrections officers were not dispensing his psychiatric medications:

> THE COURT: Have you ever been treated for any mental illness or addiction to alcohol or narcotic drugs at any time?
>
> ALFADHILI: Yes, ma'am. I take psych medication.
>
> THE COURT: For?
>
> ALFADHILI: For bi-polar, PTSD, and depression.
>
> THE COURT: You take medications regularly for those conditions?
>
> ALFADHILI: Yeah, they just moved me to Midland, Michigan, from Dickerson, and they can't give me my medications.
>
> DEFENSE COUNSEL: Judge, we'll deal with that after the plea.
>
> THE COURT: Well, it's important to know if he's had adequate medication to proceed with [the] guilty plea. Do you understand what's going on here today?
>
> ALFADHILI: Yes, ma'am.
>
> THE COURT: You have no problem with that?
>
> ALFADHILI: No, I have no problem.
>
> THE COURT: Okay. But we do need to deal with the medication issue and we'll talk about that when we complete the guilty plea. Are you presently under the influence of any drug, medication or alcohol?
>
> ALFADHILI: No, ma'am.

> THE COURT: It does appear to me that Mr. Alfadhili is competent to proceed in this matter. Do you concur, Mr. Johnson?
>
> DEFENSE COUNSEL: So concur, Judge.
>
> THE COURT: Ms. Hendrix?
>
> GOVERNMENT COUNSEL: Yes, your Honor.

After entering the guilty plea, the court returned to the subject of Alfadhili's medications. Alfadhili informed the court that he had been moved to a new facility about two days before the hearing, and staff at the new facility had so far denied his requests for medication even though he was struggling with symptoms, including "real bad anxiety" and only "one or two hours of sleep" during the prior two nights.

On November 23, 2016, the presentence investigation report was prepared. According to the report, Alfadhili noted that he has been diagnosed with bipolar disorder, depression, anxiety, PTSD, and ADHD. To treat these conditions, he stated he was prescribed Seroquel, Klonopin, Wellbutrin, Celexa, Soma, and Adderall. He was not receiving other mental health services while in detention.

On February 22, 2018, the district court held Alfadhili's sentencing hearing. Alfadhili informed the court that he was again not receiving medication: "they had me two weeks at another place, you know. I ain't been gettin' my medication and . . . every time they send me to a place, they don't give me my medication." He also reminded the court of his struggles with depression and PTSD. Again, however, neither he nor his attorney objected to competency. The court sentenced Alfadhili to a below-guidelines term of imprisonment of 100 months, followed by two years of supervised release.

Alfadhili appeals, arguing that he was incompetent during the proceedings below and that the district court erred in accepting his plea and imposing a sentence.

## II

A criminal defendant may not plead guilty unless he does so competently and intelligently. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). When evidence raises "sufficient doubt" about the defendant's competency, the lack of an adequate competency hearing is a violation of due process. *Pate v. Robinson*, 383 U.S. 375, 385–87 (1966); *see also* 18 U.S.C. § 4241(a) (requiring the court to order a competency hearing *sua sponte* if "reasonable cause" exists to believe the defendant is incompetent).[1]

The standard of competency a defendant must meet to plead guilty is the same standard required to stand trial. *Godinez*, 509 U.S. at 397. The test in either case is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id.* at 396 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)) (internal quotation marks omitted). In other words, a defendant is not competent if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Id.* (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

The question of whether further inquiry into competency is required is "often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope*, 420 U.S. at 180. Among our cases, perhaps the most frequently cited factor is a defendant's ability to participate in court proceedings by giving coherent responses to questions from the court. *See*

---

[1] Although Alfadhili uses the language of a "knowing and voluntary" plea, this language is misplaced. As the Supreme Court explained in *Godinez*, whether a plea is "knowing and voluntary" is a separate inquiry from whether a defendant is competent to plead. 509 U.S. at 401 n.12. Alfadhili's arguments center on competence, not on whether he lacked "a full understanding of what the plea connote[d] and of its consequence." *Id.* (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

*United States v. McCowan*, 558 F. App'x 642, 643 (6th Cir. 2014); *Eley v. Bagley*, 604 F.3d 958, 966 (6th Cir. 2010); *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008); *United States v. Kirk*, 240 F. App'x 66, 68 (6th Cir. 2007). Related courtroom indicators include the ability to read and understand a plea agreement, cooperate with defense counsel, engage with legal arguments, and recall past statements and events. *See United States v. Coleman*, 871 F.3d 470, 477–78 (6th Cir. 2017); *Eley*, 604 F.3d at 966; *Kirk*, 240 F. App'x at 68. We have also considered statements by a defendant or defense counsel affirming the defendant's competency. *See United States v. Dubrule*, 822 F.3d 866, 879 (6th Cir. 2016); *McCowan*, 558 F. App'x at 643; *United States v. Shearer*, 301 F. App'x 450, 453 (6th Cir. 2008). Furthermore, the ability to commit a complex crime or engage in a skilled occupation can be evidence of competency. *See United States v. Abdulmutallab*, 739 F.3d 891, 902 (6th Cir. 2014); *United States v. Hawkins*, 8 F. App'x 332, 335 (6th Cir. 2001).

A history of mental illness is naturally relevant to the question of whether to conduct further inquiry into competency. *See Abdulmutallab*, 739 F.3d at 901 (citing *Drope*, 420 U.S. at 169; *Indiana v. Edwards*, 554 U.S. 164, 169 (2008)). But such a history is not dispositive. *Miller*, 531 F.3d at 349 ("[I]t does not follow that because a person is mentally ill he is not competent to stand trial." (quoting *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996))). For instance, a competency hearing may not be required even though the defendant has previously been diagnosed with schizophrenia. *See Mackey v. Dutton*, 217 F.3d 399, 410–14 (6th Cir. 2000). The reason is that a mentally ill person may still have "sufficient present ability to consult with his lawyer" and "a rational as well as factual understanding of the proceedings against him." *Godinez*, 509 U.S. at 396 (quoting *Dusky*, 362 U.S. at 402). To take a recent example, a defendant's complaints about untreated head pains after a car accident did not merit further inquiry into competency because he

responded to the court's questions, he understood the proceeding so well he was able to correct the court, and he and his defense counsel both affirmed that he was competent. *McCowan*, 558 F. App'x at 642–43.

Finally, a district court's decision not to conduct a competency hearing is reviewed for abuse of discretion. *United States v. Heard*, 762 F.3d 538, 541 (6th Cir. 2014). However, when a defendant fails to raise the issue below, and the district court does not order a hearing *sua sponte*, our cases have variously used both abuse of discretion and plain error as standards of review. *See Coleman*, 871 F.3d at 474 (collecting cases without deciding the issue). To find an abuse of discretion requires a "definite and firm conviction that the trial court committed a clear error of judgment." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 634 (6th Cir. 2009) (quotation omitted). Plain error is an even more deferential standard of review, though with a similar definition: the error must be "clear" or "obvious." *United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2005).

### III

Alfadhili argues that the district court erred in accepting his guilty plea and subsequently imposing a sentence, given the evidence of his lack of competency. His argument is equivalent to a claim that the court should have ordered a competency hearing *sua sponte*. We need not decide whether to review the issue for abuse of discretion or plain error, because the district court did not commit reversible error under either standard.

Although Alfadhili presents his case as a single question of general competency to plead guilty and be sentenced, a defendant's competency can change over time. *See Drope*, 420 U.S. at 181 ("[A] trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."). It is possible for Alfadhili

to have been competent at his plea hearing but not seventeen months later at his sentencing hearing, or vice versa. We therefore address the hearings separately.

At Alfadhili's plea hearing, he informed the court that he had been diagnosed with bi-polar disorder, PTSD, and depression, and that he typically took medication for these ailments, but had been deprived for two days following a facility transfer. Near the end of the hearing, he also informed the court that, without his medicine, he was suffering from "real bad anxiety" and insomnia. Alfadhili does not explain on appeal how these ailments affected his ability to consult with counsel, assist in his own defense, or understand the proceedings against him, nor does the record reveal any such issues.

Instead, Alfadhili's ability to answer questions correctly, his ability to read and understand his plea agreement, his affirmance of competency, and defense counsel's affirmance of his competency all show that the district court's failure to order a competency hearing before accepting his plea was not error. Alfadhili capably answered dozens of questions from the court over the course of the Rule 11 colloquy, some of which required more than a yes-or-no response, including his detailed description of the situation involving his psychiatric condition and attempts to get his medication. Defense counsel also stated that he had reviewed the plea agreement with Alfadhili in its entirety and that Alfadhili understood his rights. The court confirmed that Alfadhili had signed the agreement. Finally, when the district court learned that Alfadhili did not have access to his typical medication, the court asked whether he "[understood] what's going on here today." Alfadhili replied in the affirmative, and both the court and defense counsel confirmed that Alfadhili appeared competent to proceed. Despite Alfadhili's psychiatric diagnoses, nothing about his courtroom demeanor or ability to participate in the plea hearing raised "sufficient doubt" regarding his ability to understand the proceedings or assist with his own defense. *Pate*, 383 U.S.

at 387. Accordingly, we find neither abuse of discretion nor plain error in the district court's acceptance of Alfadhili's guilty plea without first ordering a competency hearing.

At sentencing, Alfadhili again showed himself to be a capable participant.[2] By then, the court also had access to Alfadhili's presentence investigation report, which reported the additional diagnosis of ADHD and noted that Alfadhili had been prescribed six different medications to treat his mental illnesses. At one point during the hearing, the court did note Alfadhili's "history of mental health issues." But Alfadhili was also able to deliver a coherent and passionate plea for leniency on his own behalf. His statement describes the debilitating effects of growing up with an abusive father—an Iraqi refugee who was himself abused in an Iraqi prison—as well as the recent deaths of his mother and sister from drug overdoses and the effect his incarceration would have on his fiancée and two young children. Furthermore, at the end of the sentencing hearing, Alfadhili interjected to object to the calculation of his guidelines range. (Alfadhili was otherwise represented at the hearing.) Although the court dismissed his tardy objection, his arguments demonstrate a rational understanding of the various concepts involved in calculating guidelines ranges. This evidence shows that Alfadhili understood the proceedings against him and was able to assist in his own defense, and the lack of a competency hearing before sentencing was therefore neither an abuse of discretion nor plain error.

---

[2] We address Alfadhili's competency at sentencing for the sake of thoroughness. While Alfadhili does object to the district court's lack of inquiry into competency at both the plea hearing and the sentencing hearing, he requests relief only in the form of a new plea hearing (after vacatur of both his plea and sentence). Therefore, were we to find that he was competent at pleading but not at sentencing, it is not clear Alfadhili would want a new sentencing hearing, especially in light of his below-guidelines sentence.

**IV**

For these reasons, we affirm the district court's acceptance of Alfadhili's plea and the subsequent sentence.